■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SEYMOUR GRASBERG, Appellant.— Judgment of conviction unanimously reversed, on the law, and on the facts; the second, third and fourth counts of the information dismissed; and a new trial ordered with respect to the first count of the information. The first count of the information charged appellant with violation of section 1141 of the Penal Law, in the unlawful possession of "a certain obscene, lewd, lascivious, filthy, indecent, masochistic, sadistic and disgusting set of pictures". The pictures, which were the subject of the charge, were not, however, otherwise identified or described in any way in the information. To establish the charge, the People offered and the trial court received in evidence the contents of a certain cardboard box which contained 500 to 1,000 pictures of girls in state of undress or partial undress, including many sets of such pictures and many proofs. The testimony was that these were samples taken of the pictures found on premises in apparent possession of appellant; and he testified he owned them. The People contend that some but not all of them are pornographic in nature. But, at no time during the trial did the Assistant District Attorney point out to the appellant or to the court the particular pictures or proofs, or one or more sets of pictures, claimed by him to be the basis of the charge, and there is nothing in the record to indicate his position in this connection. The trial court, in finding the appellant guilty, apparently examined but a very few of the pictures and proofs in the box, and did not, as a basis for such finding, identify the pictures or a set of pictures found by it to be obscene. In effect, this court, now being handed on the appeal, this exhibit of hundreds of pictures, is required to go through them, one by one; and, in view of the statutory presumption (see Penal Law, § 1141, subd. 4), to affirm the conviction if it finds six or more of them to be obscene. This, however, is certainly not the province nor the duty of this court as an appellate tribunal. In any event, we would regard the conviction on the particular record here, and an affirmance thereof on the basis urged, to be in disregard of the fundamental right of the appellant to be informed with reasonable certainty of the acts constituting the crime of which he was charged and convicted. On a new trial on this count, the People should separately offer in evidence or in any event identify the particular pictures claimed to be the basis of the charge. Inasmuch as the information by wording thereof, limits the charge to the unlawful possession of "a certain obscene * * * set of pictures," an amendment of the information may be necessary, depending upon the position taken by the People and the proof offered on a new trial. The matter of the propriety of an amendment to the information may be brought to the attention of the trial court, which has the requisite power to allow an amendment. (See Code Crim. Pro., §§ 62, 293.) The second, third and fourth counts charged appellant with violation of section 1141 of the Penal Law, in the unlawful pos-

session of certain issues of a specified magazine alleged to be pornographic. It is to be noted that the Assistant District Attorney on the trial stated that he did not "believe these three particular volumes to be pornographic in nature", and moved to withdraw the three counts. On the trial court's comment that the magazines were in evidence, the Assistant District Attorney withdrew the motion. In any event, *scienter* was a necessary element of the alleged crime (see *People* v. *Finkelstein*, 12 A D 2d 457, affd. 9 N Y 2d 342; *People* v. *Douglas*, 12 A D 2d 194), and there is no evidence tending to establish that the appellant had knowledge of the presence of pornographic material, if any existed, in the magazines, or from which his knowledge of the contents may be inferred. (Cf. *People* v. *Engel*, 7 N Y 2d 1002; *Smith* v. *California*, 361 U. S. 147.) On the whole case, the appellant's guilt of the second, third and fourth counts of the information was not established beyond a reasonable doubt. Concur — Valente, J. P., McNally, Eager, Steuer and Bergan, JJ.